CHARLES G. CLARK & another *vs.* BENJAMIN OLIVER.

An action lies to recover the value of leather sold and delivered by the manufacturer although not stamped or marked as authorized in Gen. Sts. *c.* 49, § 116.

CONTRACT to recover the value of manufactured and finished goat and kid skins, which were not stamped as provided in Gen. Sts. *c.* 49, § 116.* Upon facts agreed in the superior court, judgment was rendered for the plaintiffs, and the defendant appealed to this court.

*A. B. Davis,* for the defendant.

*E. A. Ingalls & E. Parsons, Jr.* for the plaintiffs.

BIGELOW, C. J. There is nothing in the facts agreed which constitutes a defence to this action. The sale of the merchandise was not made in violation of any provisions of law. The plaintiffs had a right to sell the leather, although it was not merchantable; and if the defendant bought it without any warranty, he is bound to pay the price agreed on, or, if no price was fixed, then the fair value of the article purchased.

The statute cited by the defendant, Gen. Sts. *c.* 49, § 116, does not require that leather shall be stamped by the manufacturer with his name before it is sold. It only confers on him the exclusive privilege or right of so marking it; and if he exercises the right, it provides that the articles stamped shall be considered as warranted to be merchantable, and that they shall not be deemed merchantable unless so stamped. This leaves it optional with the manufacturer to stamp the articles or not, as

---

* Gen. Sts. *c.* 49, § 116, is as follows: " Each manufacturer of leather, or of boots, half-boots, shoes, pumps, sandals, slippers or overshoes shall have the exclusive right of stamping the articles by him manufactured, with the first letter of his Christian name, the whole of his surname at large, and the name of the place of his abode, and such stamping shall be considered as a warranty that the article stamped is merchantable, made of good materials, and well manufactured. Such articles shall not be considered merchantable unless so stamped."

he may see fit. But it imposes no duty or obligation on him which is violated by a sale of articles which are not stamped.

*Judgment for the plaintiffs.*